**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAGJIWAN SINGH, | No. 16-72811 |
| Petitioner, | Agency No. A201-296-483 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2020**
San Francisco, California

Before: MCKEOWN and NGUYEN, Circuit Judges, and VITALIANO,*** District Judge.

Jagjiwan Singh, a national of the Republic of India, petitions for review of a

July 28, 2016 decision of the Board of Immigration Appeals ("BIA") affirming a

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

February 13, 2015 decision of an immigration judge ("IJ"), who had uniformly denied his application for asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT"). Our jurisdiction arises under 8 U.S.C. § 1252. We review factual findings, including credibility determinations, for substantial evidence, *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017), applying the standards created by the REAL ID Act. *Jin v. Holder*, 748 F.3d 959, 964–65 (9th Cir. 2014). Because "BIA reviewed the IJ's credibility-based decisions for clear error and relied upon the IJ's opinion as a statement of reasons but did not merely provide a boilerplate opinion," we review "the reasons explicitly identified by the BIA, and then examine the reasoning articulated in the IJ's [] decision in support of those reasons." *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014) (internal quotations omitted).

On January 28, 2015, Singh testified before the IJ, recounting threats and physical violence that he claims to have suffered at the hands of members of the majority political party in his region, the Congress Party, as a result of his support for a pro-Sikh political party. In a written decision, the IJ made an adverse credibility determination as to Singh's claims. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). This adverse credibility determination was predicated upon appellant's demeanor, his supplementation of his asylum application though live testimony regarding significant but previously unrevealed facts, and the separate detection of several

2

implausibilities by the IJ. Having found Singh not credible, the IJ turned to the documentary evidence and found that it was insufficient to establish entitlement to asylum or protection under CAT. BIA affirmed the IJ's findings and order.

BIA identified several reasons to uphold the IJ's adverse credibility determination, all of which are supported by substantial evidence in the record. BIA did not adopt every ground undergirding the IJ's adverse credibility determination. But taken together, the grounds on which BIA did affirm—including the recitation-like nature of Singh's testimony, discrepancies between his written statements and oral testimony concerning the identities of witnesses, and his descriptions of his work for the party—are supported by substantial evidence.

BIA also noted specific, cogent reasons offered by the IJ for declining to give weight to the documentary evidence submitted by Singh. *See Lin v. Gonzales*, 434 F.3d 1158, 1162 (9th Cir. 2006). The affidavit submitted by petitioner's neighbor and family friend, Maginder Singh, for example, conspicuously misstated the date of the attack that he claims to have witnessed—using instead one of the only other important dates in petitioner's application, which, not surprisingly, raised concerns about authorship or coaching. Petitioner's other submissions did not add meaningfully to any aspect of his application that was lacking factual support, but rather emphasized issues about which the IJ already had reason to be skeptical.

Finally, there is no merit to petitioner's contention that the succinct treatment given to his CAT application by the IJ is the functional equivalent of a failure to address the application, warranting remand. Petitioner has not pointed to any evidence that was not considered by the IJ or BIA that is relevant to his CAT claim. There was, moreover, substantial evidence before both the IJ and BIA supporting the conclusion that, even in light of evidence of human rights abuses in India, petitioner failed to prove that it is "more likely than not that he . . . would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2).

Substantial evidence supports the adverse credibility finding made by the IJ and affirmed by BIA. There is no other evidence in the record sufficient to carry Singh's burden of establishing eligibly for asylum, withholding of removal, or protection under CAT. *See Shrestha v. Holder*, 590 F.3d 1034, 1048–49 (9th Cir. 2010).

**PETITION DENIED.**